UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JUAN FRANCISCO VEGA and
BENJAMIN WALKER,

       Plaintiffs,

v.                                                   Case No.:  2:20-cv-485-FtM-38MRM

DONALD SAWYER,

       Defendant.
_____/

## **OPINION AND ORDER**[1]

Before the Court is the *pro se* civil rights complaint jointly filed by Plaintiffs Juan Francisco Vega and Benjamin Walker. (Doc. 1, Complaint). Plaintiffs also moved to proceed *in forma pauperis*. (Doc. 2). For the reasons set forth below, the Court dismisses the Complaint without prejudice.

## **BACKGROUND**

The Complaint, which comprises only three pages, names Donald Sawyer, Facility Administrator of the FCCC as the sole Defendant and alleges violations of the Fourteenth Amendment of the U.S. Constitution, "the Florida Statutes, the Government Contract" and the Supreme Court's decision in *Kansas v. Hendricks*, 521 U.S. 346 (1997). (Doc. 1 at 2). Plaintiffs are civilly committed to the Florida Civil Commitment Center ("FCCC") under the Sexual Violent Predators Act, Fla. Stat. §§ 394.910-.913, by which a person determined to be a sexually violent predator must be housed in a secure facility "for

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

control, care, and treatment until such time as the person's mental abnormality or personality disorder has so changed that it is safe for the person to be at large." § 394.917(2).  According to the Complaint, "because a few residents chose not to wear a mask" Defendant Sawyer decided to "STOP the normal operation of the comprehensive Sexually Violent Predator Program." (Doc. 1 at 2, emphasis in original).  Plaintiffs claim Defendant Sawyer's decision "creates a "PRISON setting which subjects Plaintiffs to double jeopardy since the civil detention STOPS being forensic mental health." (*Id.* at 3, emphasis in original).

## LEGAL STANDARDS

Because Plaintiffs seek to proceed *in forma pauperis*, the Court is to review the complaint *sua sponte* to determine whether it is frivolous, malicious, or fails to state a claim upon which relief may be granted.  28 U.S.C. § 1915(e)(2)(B)(i)-(iii); *Troville v. Venz*, 303 F.3d 1256, 1260 (11th Cir. 2002).  This Court uses the standard for Fed. R. Civ. P. 12(b)(6) dismissals for dismissals under §1915(e)(2)(B)(ii).  *See Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008).  Under Rule 12(b)(6), a complaint may be dismissed if the claim alleged is not plausible.  *See Bell Atlantic v. Twombly*, 550 U.S. 544, 556 (2007).  All pleaded facts are deemed true for the purposes of Rule 12(b)(6), but a complaint is still insufficient without adequate facts.  *See id.* at 556; *see also Hunt v. Aimco Props., L.P.*, 814 F.3d 1213, 1221 (11th Cir. 2016) (a complaint "must include enough facts to state a claim to relief that is plausible on its face."). The facts alleged must be enough to permit "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  And, the asserted facts must "raise a reasonable expectation that discovery will reveal evidence" for the plaintiff's

claim. *Twombly*, 550 U.S. at 556. However, "labels . . . conclusions, and a formulaic recitation of the elements of a cause of action" are not enough to meet the plausibility standard. *Id.* at 555.

A claim for relief brought under 42 U.S.C. § 1983 requires a plaintiff first to allege a violation of a right secured by the Constitution or under the laws of the United States; and, second to allege that the deprivation was committed or caused by a person actin under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Arrington v. Cobb County*, 139 F.3d 865, 872 (11th Cir. 1998). "[C]omplaints in § 1983 cases must . . . contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Randall v. Scott*, 610 F.3d 701, 707 n.2 (11th Cir. 2020) (citation and internal quotation marks omitted). Further, plaintiff must allege a causal connection between the defendant's conduct and the alleged constitutional deprivation. *Swint v. City of Wadley, Ala.*, 51 F.3d 988, 999 (11th Cir. 1995).

The Court must liberally construe a *pro se* complaint. *Tannenbaum v. United States*, 148 F. 3d 1262, 1263 (11th Cir. 1998) (*per curiam*). Courts, however, are not under a duty to "re-write" a plaintiff's complaint to find a claim. *Peterson v. Atlanta Hous. Auth.*, 998 F.2d 904, 912 (11th Cir. 1993). Nor is the Court required to credit a *pro se* plaintiff's "bald assertions" or "legal conclusions" as facts. Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure*, § 1357 (3d ed. 2013)(noting that courts, when examining a 12(b)(6) motions have rejected "legal conclusions," "unsupported conclusions of law," or "sweeping legal conclusion . . . in the form of factual allegations.").

Because FCCC residents are civilly confined they are afforded a higher standard of care than those who are criminally committed. *Youngberg v. Romeo*, 457 U.S. 307,

321-22 (1982); *Dolihite v. Maughon,* 74 F.3d 1027, 1041 (11th Cir.1996) ("[P]ersons subjected to involuntary civil commitment are entitled to more considerate treatment and conditions of confinement than criminals whose conditions of confinement are designed to punish."). In evaluating whether a condition or restriction accompanying detention violates of a civil detainee's constitutionally protected rights, the Court considers whether the condition amounts to punishment. *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). Whether a condition is intended to punish or merely is incidental to some other legitimate governmental purpose turns on whether the restriction or condition "is reasonable related to a legitimate goal-if it is arbitrary or purposeless-a court permissibly may infer that the purpose of the governmental action is punishment." *Id.* at 639. In doing so, the Court must be mindful that matters of administration of a facility are better suited to administrators and not the courts*. Id.* at 532.

### DISCUSSION

At the outset, Plaintiffs' generalized and vague claims that Defendant Sawyer's decision violated either unspecified "Florida Statutes or Government Contract" is not actionable under §1983. Section 1983 does not create a remedy for every wrong committed under color of state law, but only for those actions that deprive a litigant of a federal right. *Paul v. Davis*, 424 U.S. 693, 698-99 (1976). Rights "created only by state law . . . are not subject to substantive due process protection. . . because substantive due process rights are created only by the Constitution." *McKinney v. Pate,* 20 F.3d 1550, 1556 (11th Cir.1994) (*en banc* ) (quotations and citation omitted). *See also*, *Knight v. Jacobson,* 300 F.3d 1272, 1276 (11th Cir.2002) ("violation of state law . . . is not enough by itself to support a claim under section 1983.").

The Court now turns to Plaintiffs Fourteenth Amendment claim.  Essentially, Plaintiffs fault Defendant Sawyer because he altered in some undefined manner the FCCC's treatment program in response to certain residents' refusal to wear a facial mask due to the COVID-19 global crisis.  Plaintiffs appear to suggest that "no law" requires them to wear a mask so the changes to the "normal operations" of the FCCC"s treatment program automatically turns the FCCC into a prison and thus is *per se* unconstitutional.  Beyond this conclusory allegation, Vega and Walker provide no specific allegations detailing how the treatment program's "normal operation" has been changed and how those changes rise to the level of constitutional deprivation.

Because of the COVID-19 pandemic, several correctional facilities, penitentiaries, and detention centers have implemented specific procedures to best align with the CDC's COVID-19 recommendations, including mandating the wearing of masks.[2]  *See Swain v. Junior,* 961 F.3d 1276, 1281 (11th Cir. 2020); *Amos v. Taylor*, 2020 U.S. Dist. LEXIS 72532, at *29 (N.D. Miss. April 24, 2020).  While the details about the operational status of the FCCC's treatment program remain wholly unclear, Vega and Walker acknowledge the changes were due to residents not wearing face masks.  (Doc. 1 at 2).  Notably neither Vega nor Walker state whether they are adhering to the mask requirement nor do they claim that the treatment program has completely stopped.  Based on the sparsity of the pleading the Court finds the Complaint falls far short of plausibly stating a Fourteenth Amendment claim.  Because matters of institutional security are better suited to its administrators, the Court finds Defendant's decision to amend the "normal" operation of

---

[2] *See* Ctrs. for Disease Control & Prevention, *Interim Guidance on Management of Coronavirus Disease 2019 (COVID-19) in Correctional and Detention Facilities* (March 23, 2020), https://www.cdc.gov/coronavirus/2019-ncov/downloads/guidance-correctional-detention.pdf.

the program in response to the current global healthcare pandemic is reasonably related to a legitimate governmental objective—the health and safety of the FCCC's detainees and staff.  *Block v. Rutherford*, 468 U.S. 576, 585 (1984).  Indeed, "known noncompliance with generally accepted guidelines for inmate health strongly indicates deliberate indifference to a substantial risk of serious harm."  *Hernandez v. Cnty. of Monterey*, 110 F. Supp. 3d 929, 943 (N.D. Cal. 2015).

The Court finds the Complaint fails to plausibly state a viable claim under § 1983 and dismisses the case without prejudice.  Because this dismissal is without prejudice, Plaintiffs may refile an action by filing a new action using the Court's approved civil rights complaint form for confined *pro se* litigants.  Plaintiffs should not use this case number on their new case and must each file a separate motion to proceed *in forma pauperis* attaching a copy of their six-month resident*.*

Accordingly, it is hereby

**ORDERED:**

1. Plaintiffs' Complaint (Doc. 1) is **DISMISSED without prejudice** under 28 U.S.C. § 1915(e)(2)(B)(ii).

2. The Clerk is **DIRECTED** to provide Plaintiffs with a blank civil right rights complaint form for *pro se* confined litigants, terminate any pending motions, enter judgment and close this case.

**DONE** and **ORDERED** in Fort Myers, Florida this 28th day of August 2020.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties of Record